<div style="margin-left:0">Dower. When the maxim <em>dos de dote peti non debet</em> applies.</div>

The case of *Bear* v. *Snyder,* (11 *Wend. Rep.,* 532) to the contrary, overruled, it *seems.*

But that where the widow of the father has dower assigned to her in the whole of the land before the widow of the grandfather has been endowed—whether such assignment was voluntary or was obtained by suit against the son and heir—if the widow of the grandfather is subsequently endowed, the widow of the father, after the death of the widow whose claim was paramount, will be entitled to be restored to her dower in the whole premises; in the same manner as if the title of her husband had been conveyed to him by the grandfather in his lifetime, instead of coming to him by descent subject to the immediate right of his mother to a life estate in one third thereof.

In a case where both widows are claiming dower in the same part of the estate, simultaneously, as against the infant heir, the grandmother is to be considered as first endowed of one third of the infant's share, which, by relation, defeats the seizin of the father from the time of the descent cast upon him, as to that third, and the mother of the infant is only entitled to one third of the other two thirds as her dower.

The master's report as to the value of the infants' interests in the farm sought to be sold in this case, amended ; and special guardian authorized to sell such interests; the adult owners joining in the sale and consenting to bear their respective shares of the costs.

*William Snediker* v. *Thomas Pearson.* R. F. WINSLOW, for appellant. Order of the vice chancellor affirmed, so far as it

32

sustains the decision of the master in allowing the 15th, 18th and 19th exceptions to answer ; and the residue thereof reversed, but without costs to either party upon this appeal. The second and third exceptions to master's report allowed, and the 16th and 17th exceptions to answer disallowed. Order also to direct the impertinent matter to be expunged, and that defendant put in his further answer to the exceptions submitted to, in thirty days. Defendant also to pay costs of the exceptions submitted to, and of those which are finally allowed.